21854

MOBAY CHEMICAL CORPORATION, E. I. duPont de Nemours & Co., General Dynamics Corporation, South Carolina Electric & Gas Company, and South Carolina LNG Company, Inc., Respondents, v. CITY OF GOOSE CREEK, Michael J. Heitzler, Shirley L. Johnson, Marguerite Brown, Joseph S. Daning, William S. Gibson, Philip Hurt, E. Calvin Woods, Constituting the Mayor and City Councilmen of the City of Goose Creek, and Pledger Parker, Farrell Singletary, David Owens, George Holoman, Jr., and John D. Trout, Constituting the County Election Commission for Berkeley County, Defendants, of whom Pledger Parker, Farrell Singletary, David Owens, George Holoman, Jr., and John D. Trout, Constituting the County Election Commission for Berkeley County are also, Respondents, and City of Goose Creek, Michael J. Heitzler, Shirley L. Johnson, Marguerite Brown, Joseph S. Daning, William S. Gibson, Philip Hurt, E. Calvin Woods, Constituting the Mayor and City Councilmen of the City of Goose Creek, are Appellants.

(299 S. E. (2d) 486)

*Donald B. Williams,* of *Regan & Williams,* Charleston, *for appellants.*

*Sinkler, Gibbs & Simons, Buist, Moore, Smythe & McGee, Legare, Hare & Smith,* and *Rosen, Oberman & Rosen,* Charleston, *for respondents.*

Jan. 11, 1983.

NESS, Justice:

The mayor and city councilmen of the city of Goose Creek appeal from an order enjoining the city from annexing Bushy Park Industrial Park. We affirm.

The city sought to annex four areas: (1) a fifteen acre residential tract known as Holly Court Subdivision; (2) an undeveloped forty acre tract contiguous to Holly Court and Goose Creek; (3) a 400 foot wide, 6.5 mile corridor extending from the forty acre tract to Bushy Park; and (4) Bushy Park, a 4000 acre industrial tract. The petition for annexation was signed by 52 landowners in Holly Court; no landowners in the remaining areas signed the petition.

The assessed value of Bushy Park is approximately 700% of the assessed value of the entire city of Goose Creek. Bushy Park provides all its own municipal services. The property backs on the Cooper River, precluding any further eastward expansion by the city of Goose Creek. The potential boon to the city's tax revenue is the only conceivable motive for the annexation.

Appellants contend the trial court erred in finding the petition invalid because it was not signed by a majority of freeholders in Bushy Park.

S. C. Code Ann. § 5-3-20 requires that a petition must be signed by a majority of the freeholders of the territory to be annexed. The trial court found Bushy Park was an area entirely separate from Holly Court and not within the same "territory to be annexed" within the meaning of the statute. Thus, to annex Bushy Park, a majority of Bushy Park freeholders would have to sign the petition. Appellants assert the 6.5 mile corridor between the 40 acre tract and Bushy Park renders Bushy Park a part of the same "territory."

We disagree. But for the shoestring corridor stretched between the two areas, there is no connection between Bushy Park and the remaining territory. The decision urged by appellants would allow any populous area adjacent to a municipality to force annexation upon sparsely populated outly-

ing areas by simply connecting the areas with a shoestring corridor, and allowing those in the populous area to outvote the others. Surely, the legislature did not intend such a result. *Cf. Krupp v. Taylor*, 20 Ill. App. (2d) 282, 156 N. E. (2d) 13 (1959).

We think the legislative intent was to require the signatures of a majority of freeholders in each geographically unified area. We hold these tracts were not within the same "territory to be annexed" within the meaning of the statute, and thus the petition was invalid as to Bushy Park.

We need not address appellants' remaining exceptions as they assume a valid petition.

Affirmed.

LEWIS, C.J., and LITTLEJOHN and HARWELL, JJ., concur.

GREGORY, J., not participating.